Aron Steuer, J.
The complaint alleges that the plaintiff had made certain loans and investments in a restaurant business and that these had become due. There is no allegation as to whom the loans were made or what the nature of the investment was or how it did or could become due. The next allegation is that defendant acquired an interest in the restaurant business and was desirous that plaintiff refrain from asserting his claim against the restaurant. Then it is alleged that to induce the plaintiff to forego suit defendant entered into an agreement which is attached to the complaint. When the agreement is referred to it is seen that there is nothing in it about withholding suit against the restaurant. In it the plaintiff agrees not to sue the defendant and the defendant agrees to pay the plaintiff $14,000 from the first profits received by the defendant from the restaurant. Defendant further agrees not to sell his interest in a certain corporation and not to allow the corporation to sell any restaurant it was conducting without the prior written consent of the plaintiff. The complaint alleges that the restaurant was sold.
It might seem as if the discrepancies between the complaint and the agreement are inadvertent errors. But as they are repeated in the brief it must be assumed that the allegations are advisedly made. Where a complaint and a contract alleged in it and attached to it conflict, the provisions of the contract govern. The contract provides that the plaintiff will not sue the defendant. There is no time limitation and no exception is made in favor of breach of the written contract. Even if this could be implied from the agreement the complaint is still faulty. It does not allege that there were any grounds on which plaintiff could have sued anyone. The supposed indebtedness is a mere conclusory allegation, it being impossible to determine from the complaint who was indebted to plaintiff or why. The alleged forbearance against the restaurant, presumably the restaurant corporation, is meaningless because the contract does not provide for forbearance against it.
The motion is granted and the complaint is dismissed with leave to plaintiff to serve an amended complaint on or before February 2,1959, on payment of $10 costs.